UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.  _____

ERROL WISDOM,

      Plaintiff,

v.

AHERN RENTALS, INC.,
a Foreign Profit Corporation, and
UNITED RENTALS, INC., a Foreign
Profit Corporation,

      Defendants.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, AHERN RENTALS, INC. ("AHERN" or "Defendant"), by and through the undersigned counsel, hereby files this Notice of Removal of the above-entitled action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, because this Court has original jurisdiction of this matter under 28 U.S.C. § 1332 (Diversity Jurisdiction). Defendant states the following in support of this notice:

**I.**       **INTRODUCTION**

1.      On or about February 2, 2023, Plaintiff ERROL WISDOM ("Plaintiff") filed a civil action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, entitled *Errol Wisdom v. Ahern Rentals, Inc. and United Rentals, Inc.,* Case No. CACE-23-001412 (hereafter referred to as the "State Court Action").

2.      Plaintiff's Complaint alleges the named Defendants subjected him to unlawful employment discrimination on the basis of his race, color, and national origin in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.* ("FCRA").  Plaintiff also alleges Defendants subjected him to unlawful retaliation in violation of the FCRA.  (A true and legible copy of all process, pleadings, and other papers or exhibits of every kind on file in the State Court Action is attached as **Exhibit A**).

3.      AHERN were served with the Summons and Complaint in the State Court Action on May 11, 2023. (A copy of the Summons reflecting service is attached as **Exhibit B**.)  Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), within thirty days from the date on which AHERN was served.

4.      This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 27 U.S.C. §§ 1441 and 1446, because it is an action between citizens of different states and, as claimed by Plaintiff, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      The applicable federal District and Division where Plaintiff's causes of action against Defendants arose is the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and AHERN properly seeks to remove this action to this Court. This Court is the appropriate venue because Plaintiff alleges that the actions at issue took place in Broward County, Florida. *See* Pl.'s Compl. at ¶ 2.

6.      Pursuant to 28 U.S.C. § 1446(d), AHERN will promptly file a copy of the Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County and simultaneously provide written notice of the filing of this Notice of Removal

to Plaintiff as reflected by the Certificate of Service. *See* **Exhibit C** ("Notice of Filing Notice of Removal").

## II.        DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. §§ 1332 and 1441, this Court has diversity jurisdiction over this action in that the parties are citizens of different states and the amount in controversy exceeds $75,000.00.  The details in support of diversity jurisdiction are provided below.

### A.        Diversity of Citizenship Exists

1.        In the Complaint, Plaintiff states that he was a resident of Broward County, Florida and was employed by Defendants in Pompano Beach, Florida. *See* Pl.'s Compl. at ¶¶ 2, 17. Accordingly, Plaintiff is a citizen of the State of Florida for purposes of diversity jurisdiction. *See Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, *2 (S.D. Fla. June 20, 2011) (noting that place of employment is evidence of an individual's domicile); *Casey v. Fla. Coastal Sc. of Law, Inc.*, Case No. 12-20785-civ-COOKE/TORRES, 2014 WL 11798521, *3 (S.D. Fla. Sept. 30, 2014) (holding that defendant met its burden of establishing domicile by considering plaintiff's residence and place of employment).

2.        Defendant AHERN is a Nevada corporation with its principal place of business in Las Vegas, Nevada. At the time of the commencement of this lawsuit, and presently, Defendant AHERN's corporate headquarters and principal place of business are both located in Nevada. *See* Decl. of M. Sami Bakdash, Esq. (attached as **Exhibit D**). Accordingly, for purposes of diversity of citizenship, Defendant AHERN is a citizen of Nevada (and not a citizen of Florida) at the time this action commenced. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2020) (a corporation's principal place of business, or "nerve center," will typically be where its headquarters is located).

3.      Pursuant to 28 U.S.C. § 1446, Defendant UNITED RENTALS, INC. ("UNITED") has provided written consent of this Notice of Removal.  *See* Decl. of Jeffrey Pegula, Esq. (attached as **Exhibit E**).

4.      UNITED is a Delaware corporation with its principal place of business in Stamford, Connecticut. *See* Ex. E.   At the time of the commencement of this lawsuit, and presently, Defendant UNITED's corporate headquarters and principal place of business are both located in Connecticut. *Id.* Accordingly, for purposes of diversity of citizenship, Defendant UNITED is a citizen of Delaware and Connecticut. *See Hertz Corp.*, 130 S. Ct. at 1192 (2020).

5.      Given the foregoing, complete diversity of citizenship existed between Plaintiff and Defendants at the time Plaintiff commenced this action in state court and it continues to exist as of the time of filing this Notice of Removal.

**B.**      **The Amount in Controversy Exceeds the Statutory Threshold**

1.      The amount-in-controversy requirement is satisfied in this case because Plaintiff's purported damages, exclusive of interest and costs, exceed $75,000.

2.      In his Complaint, Plaintiff alleges that he is seeking damages in excess of $50,000, exclusive of attorneys' fees, and cites to an unspecified amount of damages to which he claims entitlement under the FCRA.  *See* Pl.'s Compl. ¶ 1.

3.      With respect to the unspecified damages sought under the FCRA, Plaintiff alleges entitlement to the following: (a) lost wages and benefits, including front pay and back pay, with prejudgment interest, (b) compensatory damages for "mental anguish, personal suffering, and loss of enjoyment of life," and, (c) attorneys' fees and costs. *See* the unnumbered "WHEREFORE" clauses following each Count of Plaintiff's Complaint.

4.      The FCRA authorizes courts to award back pay, front pay in lieu of reinstatement, punitive damages, "compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries;" other "affirmative relief from the effects of the [discriminatory] practice;" and "reasonable attorney's fees and costs to the prevailing party." *See* Fla. Stat. § 760.11.

5.      When a plaintiff has made an unspecified demand for damages (as in this case), a defendant seeking removal based on diversity jurisdiction must only demonstrate that the amount in controversy *more likely than not* exceeds the jurisdictional threshold of $75,000.00. *See Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc*, 204 F.3d 1069 (11th Cir. 2000). This is a "relatively low burden." *Fuller v. Exxon Corp.*, 78 F. Supp.2d 1289, 1297 (S.D. Ala. 1999). And where the jurisdictional amount is not facially apparent from the Complaint, the Court may consider facts set forth in the removal petition. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). "Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). Courts may also use their judicial experience and common sense to determine whether the case stated in a complaint meets federal jurisdictional requirements. *Id.* at 1062.

### Back Pay Damages

6.      As indicated above, Plaintiff claims entitlement to lost wages in the form of back pay under the Florida Civil Rights Act. In calculating back pay damages for jurisdictional purposes, it is proper to calculate this figure through the trial date. *See Kok v. Kadant Black Clawson, Inc.*, 274 F. App'x 856, 857 (11th Cir. 2008) (affirming district court's back pay

calculation through trial); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, *2 (S.D. Fla. Jul. 1, 2011) (appropriate to calculate lost wages from time of termination through trial date in examining the jurisdictional minimum); *see also Cashman v. Host Int'l, Inc.*, No. 8:10-cv-1197-T-30MAP, 2010 WL 4659399, *2 (M.D. Fla. Nov. 9, 2010) (noting that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation").

7. A reasonable estimate of a trial date would be approximately one year from the date of removal (*i.e.,* June 2024). Plaintiff's employment ended on April 29, 2021, and his total gross income for 2021 was $19,205.46; thus, at the time of his employment separation Plaintiff's income was $1,129.73 per week. *See* **Exhibit D**. Thus, from the date of Plaintiff's separation through the filing of this removal notice (roughly 109 weeks), Plaintiff has **$123,140.57** in alleged lost wages. Assuming a June 2024 trial date, Plaintiff could potentially claim an additional $58,745.96 in back pay.

### *Front Pay*

8. Plaintiff also claims entitlement to front pay, which must separately be considered in assessing the amount in controversy. *See Taylor v. Wal-Mart Stores East, L.P.*, Case No. 09-21299-CIV-ALTONAGA/Brown, 2009 WL 10701010, *3 (S.D. Fla. June 17, 2009), *citing Brown v. Cunningham Lindsey U.S., Inc.*, 2005 WL 1126670, *5 (M.D. Fla. May 11, 2005) (crediting one year of back pay plus one year of front pay, as a conservative measure of potential lost wages in a wrongful termination case)). Based on Plaintiff's estimated earnings, it is reasonable to calculate a one-year period for claimed front pay, which is approximately $58,745.96. *See Brown*, 2005 WL 1126670 at *5. Thus, in lost wages alone (*i.e.,* back pay and front pay), Plaintiff's damages claims far exceed the minimum amount in controversy.

### Compensatory Damages

9.      As noted above, Plaintiff also seeks to recover compensatory damages for emotional distress, embarrassment, and humiliation. Plaintiff's compensatory damages may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional minimum. *See, generally*, *Bartley v. Starwood Hotel & Resorts Worldwide, Inc.* 2007 WL 2774250 (S.D. Fla. 2007) (general allegations of pain, mental anguish, loss of enjoyment of life, medical expenses, etc. sufficient to put defendant on notice that jurisdictional minimum was satisfied). Even "garden-variety" compensatory damages in employment discrimination cases may significantly increase the amount in controversy.  *Brown*, 2005 WL 1126670 at *5 (citing *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1348-49 (11th Cir. 2000)).

### Attorneys' Fees

10.      Plaintiff also alleges entitlement to attorney's fees. Attorney's fees are included in the amount-in-controversy if a statute mandates or permits recovery of attorney's fees. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Plaintiff's complaint alleges that Defendants violated the Florida Civil Rights Act of 1992, Florida Statutes Chapter 760.  In an action under that Act, the Court "may allow the prevailing party a reasonable attorney's fee as part of the costs."  Fla. Stat. §760.11(5) (2017). If Plaintiff were to prevail at trial—which the Court must assume for the purposes of this removal—his claim for attorney's fees alone could exceed $75,000. *See Cowan v. Geneso, Inc.*, 2014 WL 3417656 at n.6 (M.D. Fla. July 14, 2014) ("the inclusion of attorney's fees in the calculation of amount in controversy is appropriate").

### Conclusion

11.      Considering the cumulative value of Plaintiff's alleged entitlement to back pay, front pay, compensatory damages, and attorney's fees, Plaintiff's claims—though vigorously

contested by AHERN—more likely than not involve an amount in controversy in excess of $75,000, exclusive of interests and costs.

WHEREFORE, Defendant, AHERN RENTALS, INC. requests that this action, now pending in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, be removed to the United States District Court for the Southern District of Florida. Co-Defendant UNITED RENTALS, INC. has consented to this removal request. *See* Ex. E.

**Dated**: June 2, 2023                         Respectfully submitted,

By:   */s/ Sherril M. Colombo*
Sherril M. Colombo, Esq.
Florida Bar No. 948799
E-mail: scolombo@littler.com
Secondary:  grivas@littler.com
Kelly M. Peña, Esq.
Florida Bar No. 106575
E-mail: kpena@littler.com
Secondary: btapia@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center, Suite 2700
333 S.E. 2nd Avenue
Miami, Florida 33131-2187
Telephone: (305) 400-7500
Facsimile: (305) 603-2552

*Attorneys* for Defendant, Ahern Rentals, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of June 2023, a true and correct copy of the foregoing was electronically filed and served via transmission of Notice of Electronic Filing generated by CM/ECF on all counsel or parties of record on the Service List below, and also via any additional manner noted below.

*/s/ Sherril M. Colombo*
Sherril M. Colombo

## SERVICE LIST

***Counsel for Plaintiff:***

Peter M. Hoogerwoerd, Esq.
Florida Bar No.:  0188239
Email: pmh@rgph.law
Corey L. Seldin, Esq.
Florida Bar No.:  1026565
Email: cseldin@rgph.law
REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC
2745 Ponce De Leon Blvd.
Coral Gables, FL  33134
Telephone: (305) 416-5000

***Counsel for Plaintiff***
***Served via CM/ECF and E-mail***

4884-2107-9656.1 / 099283-1066